The Chancellor.
The bill is filed to foreclose throe mortgages upon lands owned by the defendants, Hollister and wife. Two of the mortgages were given to William H. Berry, and were encumbrances on the premises when the defendants *154 acquired title. The third mortgage was given by Hollister and wife to the complainant for $1300, and is payable in two years with interest. The defence is usury. The answer alleges, that in July, 1859, the defendant, John J. Hollister, borrowed of the complainant $2500, the amount of the principal of the three mortgages, for which he agreed to pay seven per cent, interest, and to give a bond and mortgage upon the premises described in the bill; that on obtaining the loan, he paid to William W. Mawbey, the agent of the complainant, $125, one hundred dollars being a bonus to the complainant for the said loan, and twenty-five dollars, being one per cent, interest upon the loan for one year, in addition to the legal rate of interest stipulated for in the bonds; that on completing the contract, instead of giving a new bond and mortgage for the entire loan of $2500, the two bonds and mortgages, held by Berry for $1200, were assigned to the complainant, and a new bond and mortgage given for $1300, the balance of the loan; that on making the assignment, Berry charged and received from the defendant six months’ more interest upon his bonds than was due, which was advanced by the complainant.
The bonds all purport to bear interest at six per cent, per annum. The allegation is, that in addition thereto, Smith agreed to take, and did accept the sum of $125, as additional compensation for the said loan. The allegation is not sustained by the evidence. The witnesses on the part of the complainant did not prove the agreement to take more than the legal rate of interest, nor that he received the sum of $125, or any part of it. The fact is expressly denied by the-complainant. He states that he advanced upon the loan the full amount of $2500; that he neither accepted nor agreed to accept more than the legal rate of interest; that Mawbey was not his agent, but the agent of the defendant, through whom the loan was negotiated; that he paid to Mawbey, upon the order of the defendant, $125, which was a part of the money loaned. This statement is fully sustained by the evidence of Mawbey. He testifies that he was not the agent *155 of the complainant; that he was employed by the defendant to procure for him a loan of $2500; that he negotiated the loan with the complainant on the defendant’s behalf, and that for his services the defendant agreed to pay him $125, which was paid to him by the complainant, out of the money borrowed, upon the order of the defendant.
It appears by the evidence, that Berry, the holder of two of the mortgages at the time of their assignment to the complainant, received more interest than was due upon them. The assignments wore made in July, and interest was paid upon the mortgages until the ensuing January, in pursuance of an agreement between Berry and the defendant, as a compensation to Berry for receiving payment of the debt without notice, and contrary to a previous understanding between the parties. This did not affect the validity of the mortgages, either in the hands of Berry or of his assignee. Where the security is valid in its inception no subsequent taking or contract to take illegal interest will invalidate it. Rex v. Allen, T. Raym. 196 ; Ferrall v. Shaen, 1 Saund. 294, and note 1; Howell’s Ex’rs v. Auten, 1 Green’s Ch. R. 44; Donnington v. Mecker, 3 Stock. 365; Sloan v. Sommers, 2 Green 510.
The only effect of paying interest on the bond to a period later than the date of the assignment, if the payment be endorsed upon the bond or be made with the knowledge of the assignee, would bo to diminish, by the amount paid, the interest which the assignee would be entitled to recover.
There is no usury in the transaction. The complainant is entitled to his decree.